Blaxter Blackman LLP
Attn: Blackman, Brian R.
601 California street,
Suite 1505
San Francisco, CA   94108

Hsiung, Wayne
25 Plaza Drive
Berkeley, CA   94705

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Whole Foods Market California, I<br>Plaintiff/Petitioner(s)<br><br>VS.<br><br>Direct Action Everywhere<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG18921253<br><br>Order<br><br>Motion for Reconsideration<br>Denied |

The Motion for Reconsideration filed for Wayne Hsiung and Direct Action Everywhere SF Bay Area and Direct Action Everywhere was set for hearing on 06/18/2020 at 09:00 AM in Department 22 before the Honorable Jeffrey Brand. The Tentative Ruling was published and was contested.

The matter was argued and submitted, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

The Motion for Reconsideration of the Court's grant of Plaintiff's Motion for Summary Judgment, filed by Defendant Wayne Hsiung ("Defendant") on January 29, 2020, is DENIED.

PROCEDURAL HISTORY OF THE ACTION

On 09/09/2018 Plaintiff filed its complaint alleging trespass and seeking declaratory and injunctive relief, to bar Defendant's from engaging in demonstrations at specified Plaintiff Whole Foods stores. On 09/24/2018, the Court issued a Temporary Restraining Order.

On 12/21/2018, the Court issued a Preliminary Injunction, barring defendants from entering "or utilizing the property ... for purposes of conducting a protest, demonstrations or other expressive activity, which includes picketing, leafleting, handing out or leaving behind literature, notices, photographs or other materials, displaying video footage, and displaying signs on behalf of (Defendants) or its mission.  Defendants are not precluded from making verbal communications... , from entering Whole Foods stores for retail purposes, including shopping, eating and/or drinking, other than for the purposes described above, or from conducting peaceful protests, assemblies, or picketing on public sidewalks or other publicly-owned areas near the stores." The Preliminary Injunction only applied to Plaintiff's stores on Telegraph Avenue in Berkeley, Gilman Street in Berkeley, Bay Place in Oakland, Ygnacio Valley Road in Walnut Creek and Plaintiff's stores on Santa Monica Boulevard in Santa Monica and in West Hollywood.

On 10/18/2019, the Preliminary Injunction was expanded to include all Whole Foods, after Plaintiffs presented proof of various violations of the Court's 12/21/2018 order.

On 01/14/2020, the Court granted Plaintiff's Motion for Summary Judgment.  It is the Court's granting of that motion for which Defendants now seek reconsideration. Defendants did not oppose Plaintiff's Motion for Summary Judgment except to this limited extent: Defendants objected to language proposed by Plaintiffs which stated that Defendants "their officers, directors, employees agents and all those

acting in concert with them are hereby restrained and enjoined..." (Paragraphs 3, 4, 6 and 7 of Plaintiff's Proposed Order.) In addition, Defendants objected to the notice provisions of the Proposed Order in their entirety. (Paragraphs 6 and 7.)

Defendants requested that the order read "[Defendants], their officers, directors, employees, agents and all those acting in concert with and at the direction of..." and that Paragraphs 6 and 7 be stricken. The Court rejected Defendants' proposed language, and cited Ross v Superior Court (1977) 19 Cal.3d 899, 906 in which the California Supreme Court affirmed the practice of using the "in concert" language for making "the injunction effectual against all through whom the enjoined party may act, and to prevent the prohibited action by persons acting in concert with or in support of the claim of the enjoined party, who are in fact his aiders and abettors." (Internal citations and quotations omitted.)

DEFENDANTS FAIL TO SATISFY THE STATUTORY REQUIREMENTS FOR A MOTION FOR RECONSIDERATION

Defendants do not specify the procedural basis for its Motion. To the extent the Motion seeks reconsideration of the Court's order of January 14, 2020 grant Plaintiff's Motion for Summary Judgment, the Court construes it as a Motion for Reconsideration pursuant to C.C.P. § 1008(a). The Court finds that the Motion is procedurally deficient.

A motion for reconsideration under section 1008(a) requires the moving party, among other things, to "state by affidavit ... what new or different facts, circumstances, or law are claimed to be shown." (C.C.P. § 1008(a).) The burden under section 1008 "is comparable to that of a party seeking a new trial on the ground of newly discovered evidence: the information must be such that the moving party could not, with reasonable diligence, have discovered or produced it earlier." (New York Times Co. v. Superior Court (2005) 135 Cal.App.4th 206, 212-213.) The moving party must present "a satisfactory explanation for failing to provide the evidence earlier, which can only be described as a strict requirement of diligence." (Garcia v. Hejmadi (1997) 58 Cal.App.4th 674, 690.)

As an initial matter, Defendants' Motion for Reconsideration is not accompanied by the required affidavit or declaration under section 1008(a). Even if a compliant affidavit had been filed, however, Defendants still have not met the burden of showing new or different facts, circumstances or law.

The three grounds for reconsideration articulated by Defendant are: 1) the "constitutionality" of the Court's prior order; 2) the "fairness of requiring Defendants to provide further notice of the Court's Order"; and, 3) Defendants did not timely challenge the Modified Proposed Order based on a misunderstanding of the local rules.

Defendants' constitutional law argument does not arise from new law. Defendants had the responsibility to advance all correct legal theories in the original Opposition to Plaintiff's Motion for Summary Judgment. To the extent Defendants argue the "further notice" provision is a new fact or circumstance, again Defendants offer no justification for not previously raising the "unfairness" of the notice provision. Finally, Defendants mistake as to the Local Rules is not a new or different fact, law or circumstance. The Court notes that Defendants filed an Opposition to the Motion for Summary Judgment, which the Court considered in making its prior ruling. Defendants' failure to properly contest that ruling is akin to an assertion that Defendants unintentionally waived oral argument. Such a waiver is not, however, grounds for reconsideration under section 1008. (See, e.g., Gilberd v. AC Transit (1995) 32 Cal.App.4th.)

EVEN IF DEFENDANTS HAD SATISFIED THE STATUTORY REQUIREMENTS FOR A MOTION FOR RECONSIDERATION, DEFENDANTS' MOTION SHOULD BE DENIED.

In addition, the Court finds that even if C.C.P. 1008's procedural requirements had been satisfied; Defendants are not entitled to relief. The "acting in concert" language was contained in the Preliminary Injunctions issued by the Court, the first on 12/21/2018 and the second on 10/18/2019 expanding the geographic scope of the injunction statewide. The Court rejects defendants' assertion that "failure to modify the language ... would make ... Defendants responsible for conduct over which they have no control." (Defendant's Opposition to Motion for Summary Judgment at p. 2.) In fact, the Ross Court's equating the "acting in concert" language with those "who are in fact his aiders and abettors," along with the requirement that defendants may only be found responsible if the violation is proved beyond a reasonable doubt, provides the procedural safeguards that obviate the need for defendants' proposed

additional language.

Finally, the Court finds that paragraphs 6. And 7 of the Court's order granting Plaintiff's Motion for Summary Judgment requiring defendants to "take all reasonable steps to ensure that their officers, directors, employees, agents and all those acting in concert with them, including DxE's members and chapter organizations" ... "have notice of this order, including by prominently publishing this order on DxE's website and by contacting each chapter organization within California and informing them of this order," (Paragraph 6) ... and that they "comply with this order" (Paragraph 7) are necessary to insure enforcement of its provisions.

Accordingly, Defendants' Motion for Reconsideration is DENIED.


Dated: 07/07/2020

_____
Judge Jeffrey Brand